**Robert SORISIO, d/b/a Connecticut Handbag and Luggage Company, Plaintiff–Appellant,**

**v.**

**LENOX, INC., successor to Hartmann Luggage Company, Defendant–Appellee.**

**No. 374, Docket 88–7583.**

United States Court of Appeals, Second Circuit.

Argued Nov. 9, 1988.

Decided Nov. 29, 1988.

L. Douglas Shrader, Bridgeport, Conn. (Zeldes, Needle & Cooper, Bridgeport, Conn., of counsel), for plaintiff-appellant.

William R. Murphy, New Haven, Conn. (Ben A. Solnit, Tyler Cooper & Alcorn, New Haven, Conn., of counsel), for defendant-appellee.

Before TIMBERS, VAN GRAAFEILAND and ALTIMARI, Circuit Judges.

PER CURIAM:

Plaintiff-appellant Robert Sorisio appeals from a judgment of the United States District Court for the District of Connecticut (Burns, *J.*), granting defendant-appellee Lenox, Inc.'s motion for summary judgment dismissing plaintiff's federal and state antitrust and related state law franchise and unfair trade practices claims. In his amended complaint, plaintiff alleged that his termination in 1984 as an authorized retail dealer of defendant's Hartmann Luggage line constituted an illegal refusal to deal and was part of a resale price maintenance scheme in violation of federal and state antitrust laws, the Connecticut Franchise Act and the Connecticut Unfair Trade Practices Act.

In a thorough and well-reasoned opinion, —— F.Supp. —— (D.Conn.1988), Judge Burns considered each of plaintiff's claims and held, *inter alia,* that Sorisio's antitrust claims lacked factual support sufficient to survive a motion for summary judgment, *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Monsanto Co. v. Spray–Rite Serv. Corp.,* 465 U.S. 752, 104 S.Ct. 1464, 79 L.Ed.2d 775 (1984); *Apex Oil Co. v. DiMauro,* 822 F.2d 246 (2d Cir.), *cert. denied,* —— U.S. ——, 108 S.Ct. 489, 98 L.Ed.2d 487 (1987), that plaintiff's termination as an authorized dealer did not constitute an unfair trade practice given the court's specific finding of the absence of a "public interest" nexus as required under Connecticut law, *see L. Cohen & Co. v. Dun & Bradstreet, Inc.,* 629 F.Supp. 1425, 1431–32 (D.Conn.1986) (nexus between alleged anticompetitive conduct and "public interest" is required in order to state unfair trade practices claim for actions arising prior to June 8, 1984), and that plaintiff's relationship with the Connecticut Handbag Company was not that of a franchisee.

After considering the various arguments presented by the instant appeal, we affirm the decision of the district court substantially for the reasons set forth in Judge Burns' excellent opinion.

AFFIRMED.