[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
This is a malpractice action against two law firms. The third count of the complaint alleges a CUTPA violation by the second firm, (Brown, Jacobson) which moves to strike this count on the basis that it fails to state a claim for which relief can be granted.
The gravamen of the third count is contained in Paragraph 5(e) which alleges that the defendant "represented both sides to the contemplated transaction simultaneously which resulted in a material conflict of interest."
Connecticut has adopted the so-called "cigarette rule" set out by the Federal Trade Commission, in which the court must consider the following factors in order to determine whether an unfair trade practice has occurred:
 "(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, CT Page 1541 it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]."
A.G. Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 215.
Defendant claims in support of its motion the plaintiff has failed to allege that defendants' conduct was "immoral, unethical, oppressive or unscrupulous'. Plaintiff argues that it's allegation of conflict of interest is sufficient because "if plaintiff proves this allegation, it could clearly provide the basis for a finding . . . that the allegations of (negligence) were unfair, immoral, unethical or unscrupulous".
The general rule governing conflict of interest situations involving attorneys appears in Rule 1.7 of our Rules of Professional Conduct.
 (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
 (1) The lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
 (2) Each client consents after consultation.
 (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
 (1) The lawyer reasonably believes the representation will not be adversely affected; and
 (2) The client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation CT Page 1542 of the implications of the common representation and the advantages and risks involved.
A cursory reading of the rule indicates that not every conflict situation would provide a basis for a finding that the complained of conduct would be "immoral, unethical, oppressive or unscrupulous".
A claim under CUTPA must be pleaded with particularly to allow evaluation of the legal theory upon which the claim is based. Sorisso v. Lenox, Inc., 701 F. Sup. 950 (1962) D.Conn. 1988 aff'd 863 F.2d 195. Since the third count does not set forth allegations with sufficient particularly to sustain a CUTPA claim, the motion to strike the third count, with its accompanying claims for relief is granted.
JERRY WAGNER JUDGE, SUPERIOR COURT