[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
Plaintiff's revised, amended complaint, dated October 20, 1994, sounds in three counts: breach of contract, quantum meruit, and a violation of the Connecticut Unfair Trade Practices Act (hereinafter referred to as "CUTPA"). The basis for each of these counts is that plaintiff had an oral contract with the defendants whereby the defendants would sell an antique car which the plaintiff was marketing for sale and the defendants CT Page 92-E would pay the plaintiff a commission upon their sale of the car. The plaintiff alleges that the defendants sold the car and never paid him the agreed upon commission.
The defendants filed a Motion to Strike, dated December 2, 1994, requesting the court strike count three, the CUTPA count, for its failure to state a claim upon which relief may be granted.
The plaintiff filed a memorandum in opposition to the motion on January 9, 1995, the same date the court heard oral argument on the motion.
The court has reviewed the plaintiff's amended complaint and all legal memoranda filed in relation to the Motion to Strike. Count three of plaintiff's complaint, the CUTPA count, is a restatement of the first nine paragraphs of count one, the breach of contract count. The only additional allegations in count three claim that the defendants were engaged in a trade or business and that their acts constituted violations of CUTPA. Since their "acts" are not specifically plead, the court CT Page 92-F assumes that the plaintiff is referring to the acts alleged in count one.
A claim under CUTPA must be pleaded with particularity to allow an evaluation of the legal theory upon which the claim is based. Sorisio v. Lenox Inc., 701 F. Sup. 950 (D.Conn.) aff'd 863 F.2d 195 (2d Cir. 1988). Suits undertaken pursuit to CUTPA must demonstrate some nexus with the public interest.Ivey Barnum O'Mara v. Indian Harbor Properties, Inc. et al.,190 Conn. 528 (1983). CUTPA is not intended to be a remedy for the redress of entirely private wrongs. Ibid.
In the instant case, the plaintiff has not plead CUTPA with any particularity. Further, nothing in plaintiff's factual allegations serves to demonstrate that this dispute is other than a purely private one. Accordingly, defendant's Motion to Strike count three of the plaintiff's complaint is granted.
SUSAN B. HANDY JUDGE, SUPERIOR COURT CT Page 92-G