**Maria PABON, Plaintiff,**

v.

**Joseph RECKO, State Credit Adjustment Bureau, Inc., and John Ferranti, Defendants.**

**No. 3:00cv380 (DJS) (TPS).**

United States District Court, D. Connecticut.

Nov. 17, 2000.

Joanne S. Faulkner, Kennedy & Faulkner, New Haven, CT, for Marta M. Pabon, plaintiff.

Laurence P. Nadel, New Haven, CT, for Joseph Recko and State Credit Adjustment Bureau, defendants.

Richard William Callahan, Pite & Brown, New Haven, CT, for John Ferranti, defendant.

Bradford J. Chaucer, Chaucer & Rosado, New Haven, CT, movant pro se.

### RULING ON MOTION TO DISMISS

SMITH, United States Magistrate Judge.

## I. INTRODUCTION

This action is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"); the Connecticut Creditors' Collection Practices Act, Conn.Gen.Stat. §§ 36a–645 *et seq.* ("CCPA"); the Connecticut Consumer Collection Agency Act, Conn.Gen.Stat.

§§ 36a–800 *et seq.* ("CCAA"); and the Connecticut Unfair Trade Practices Act, Conn.Gen.Stat. §§ 42–110a *et seq.* ("CUTPA"). Pending before the court are defendant Joseph Recko's motion to dismiss count II **(docket no. 13)** and defendant State Credit Adjustment Bureau's motion to dismiss count II **(docket no. 24).** Both motions are **DENIED.**

## II. DISCUSSION

### A. STANDARD

When considering a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded allegations as true and draw all reasonable inferences in the light most favorable to the plaintiff. *See, e.g., Ferran v. Town of Nassau,* 11 F.3d 21, 22 (2d Cir.1993). Dismissal is not warranted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Utica Mutual Ins. Co. v. Denwat Corp.,* 778 F.Supp. 592, 593 (D.Conn. 1991); *see Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Patton v. Dole,* 806 F.2d 24, 30 (2d Cir. 1986).

The issue on a motion to dismiss is not whether "the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Utica Mutual,* 778 F.Supp. at 593 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Even where every element necessary for recovery is not stated with precision, a motion to dismiss is improper, since those missing items may be inferred from what was pleaded. *See Kuhlmeier v. Hazelwood School Dist.,* 578 F.Supp. 1286 (E.D.Mo. 1984).

The defendants seek dismissal of the claims arising under CUTPA. CUTPA provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen.Stat. § 42–110b(a). Section 42–

110g(a) authorizes private actions for CUTPA violations. To state such a claim under CUTPA, a plaintiff must allege that "the acts complained of were performed in a trade or business." *Quimby v. Kimberly Clark Corp.*, 28 Conn.App. 660, 669, 613 A.2d 838 (1992). "CUTPA is remedial in character and must be liberally construed in favor of those whom the legislature intended to benefit." *Larsen Chelsey Realty Co. v. Larsen*, 232 Conn. 480, 492, 656 A.2d 1009 (1995) (internal citations and quotations omitted).

## B. DEFENDANT RECKO'S MOTION TO DISMISS

■ Defendant Recko moves to dismiss count II of the complaint, and alleges that count II fails to state a claim upon which relief may be granted because the defendant is not a consumer collection agency within the meaning of the CCAA, not a creditor within the meaning of the CCPA, and not engaged in trade or commerce within the meaning of CUTPA. The plaintiff responds by arguing that defendant's purported violation of CUTPA is predicated not just upon violations of CCAA or CCPA, but also upon the wrongful acts alleged in count I (not challenged by the defendant's motion to dismiss count II). The plaintiff further contends that defendant is engaged in the conduct of trade and commerce, and that defendant is not shielded by the mere fact that he is an employee of defendant State Credit Adjustment Bureau, Inc.

While it might be true that defendant Recko is not a creditor or a collection agency, violations of the CCAA and the CCPA are not the only alleged grounds upon which the plaintiff's CUTPA claim may rest. "A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses." Fed.R.Civ.P. 8(e)(2). Consequently, a finding for defendant Recko that he was not a creditor or a collection

agency would be insufficient to support a motion to dismiss count II.

Further, defendant Recko's reliance upon the maxim that the relationship between employer and employee is not trade or commerce in asserting that the plaintiff failed to state a claim is misleading. *Quimby v. Kimberly Clark Corp.* and *Banerjee v. Roberts*, 641 F.Supp. 1093 (D.Conn.1986), do not stand for the proposition that employees may not be sued under CUTPA by virtue of the employer-employee · relationship, but, rather, they stand for the proposition that the act of the employer employing an employee is not trade or commerce. *See, e.g., Bardon Tool & Mfg. Co., Inc. v. Torrington Co.*, 1996 WL 677254, at 4, No. CV 960473455S, 1996 Conn. Super. LEXIS 2981, at *12–15 (Conn.Super. Oct. 31, 1996) (refusing to dismiss CUTPA claims and rejecting the defendant's contention that the plaintiff must pierce the corporate veil to hold individual defendants liable under CUTPA); *Wall v. Post Publishing Co.*, 1992 WL 67382 at 1, No. CV 91 03 75 79S, 1992 Conn. Super. LEXIS 884, at *3 (Conn.Super. Mar. 26, 1992) ("It has been held that personal liability may attach in a CUTPA claim where it is alleged that the individual defendant participates in, controls or directs the acts or practices of a defendant corporation.").

Consequently, when accepting all well pleaded facts and drawing all inferences in a light most favorable to the plaintiff, it is conceivable that the plaintiff could prove a set of facts to support a CUTPA claim against defendant Recko.

## C. DEFENDANT STATE CREDIT ADJUSTMENT BUREAU, INC.'S MOTION TO DISMISS.

Defendant State Credit Adjustment Bureau, Inc. also moves to dismiss count II of the complaint. The defendant claims that the CCAA creates no private right to action, that it is not a creditor within the meaning of the CCPA, and that it is not engaged in trade or commerce within the

meaning of CUTPA. The plaintiff responds that the defendant is engaged in providing the commercial service of collecting past due debts, and, therefore, engaged in trade or commerce.

While this court has held that neither the CCAA nor CCPA create a private right of action, *see, Krutchkoff v. Fleet Bank, N.A.,* 960 F.Supp. 541, 548 (D.Conn. 1996) (holding that there is no private right of action under the CCPA); *Gaetano v. Payco of Wisconsin, Inc.,* 774 F.Supp. 1404, 1414 (D.Conn.1990) (holding that there is no private right of action under the CCAA), the existence of private right of action is not dispositive of the issue of whether a violation of either statute constitutes a violation of the public policy of the State of Connecticut, and thereby may form the basis for a CUTPA claim. Violations of banking regulations, rather, can amount to a breach of public policy and, in turn, a violation of CUTPA. *See Tillquist v. Ford Motor Credit Co.,* 714 F.Supp. 607, 616 (D.Conn.1989) (holding that a violation of CCPA in combination with other Connecticut banking regulations amounted to a CUTPA violation). Accordingly, while violation of banking regulations for the purposes of assessing fines is a matter for the Banking Commissioner to pursue, the factual determination of whether the defendant violated such statutes and regulations, and thereby breached a state public policy, is an appropriate issue for the trier of fact in this case.[1]

As to the defendant's claim that it does not engage in trade or commerce as defined in CUTPA, "CUTPA, by its own terms, applies to a broad spectrum of commercial activity." *Larsen Chelsey Realty Co. v. Larsen,* 232 Conn. at 492, 656 A.2d 1009. "The entire act is remedial in character and must be liberally construed in favor of those whom the legislature sought to protect." *Id.* (internal citations and quotations omitted). Additionally, allegations of violation of the CCPA and CCAA have "stated a cause of action leaving to the trier of facts as to whether the acts complained of were of the character proscribed by [CUTPA]." *Wagner v. Am. Nat'l Educ. Corp.,* Civil No. N–81–541, 1983 U.S.Dist. LEXIS 10287, at *11 (D.Conn. Dec. 30, 1983). Consequently, when accepting all well pleaded facts and drawing all inferences in a light most favorable for the plaintiff, it is conceivable that the plaintiff could prove a set of facts to support a CUTPA claim against defendant State Credit Adjustment Bureau, Inc.

### III. CONCLUSION

For the aforementioned reasons, both defendant Joseph Recko's motion to dismiss count II (**docket no. 13**) and defendant State Credit Adjustment Bureau, Inc.'s motion to dismiss count II (**docket no. 24**) are **DENIED.**

IT IS SO ORDERED.

---

1. The court does recognize that defendant could only have violated either CCPA or CCAA, or neither. The legislature clearly excluded from the definition of a creditor under the CCPA any person defined as a collection agency. Conn.Gen.Stat. § 36a–645(2) (1999) (" 'Creditor' shall not include a consumer collection agency, as defined in section 36a–800 . . . ."). Conversely, the legislature saw fit to catch all those falling outside of the definition of consumer collection agency under the CCAA into the category of creditor under the CCPA. Conn.Gen.Stat. § 36a–800(1) (1999) ("Any person not included in the definition contained in this subsection is, for purposes of sections 36a–645 to 36a–647, inclusive, a 'creditor', as defined in subsection (2) of section 36a–465."). However, given that plaintiff may plead alternative theories of recovery, a determination of the precise vehicle for recovery is not warranted at this stage of litigation.