Valerie BRUCE, Plaintiff,

v.

HOME DEPOT, U.S.A.,
INC., Defendant.

No. 3:03CV2031(GLG).

United States District Court,
D. Connecticut.

March 9, 2004.

Lowell L. Peterson, Community Law Practice, Hartford, CT, for Plaintiff.

Anthony Rosato Minchella, Anthony R. Minchella, LLC, Middlebury, CT, for Defendant.

### Ruling on Defendant's Motion to Dismiss [Doc. # 11]

GOETTEL, District Judge.

Defendant, HOME DEPOT, U.S.A., INC., has moved to dismiss all counts of Plaintiffs' complaint, including all claims asserted by Burton Bruce, who was named as a plaintiff in the original complaint. In response to the motion to dismiss, Plaintiff, VALERIE BRUCE, filed an amended complaint, withdrawing counts three and five and dropping Burton Bruce as a named plaintiff. Defendant has filed a reply brief addressed to the amended complaint and argues that, even as amended, counts two and four[1] fail to state claims upon which relief may be granted. (Def.'s Reply at 1 n. 1). *See* Rule 12(b)(6), Fed. R.Civ.P.

### Motion to Dismiss Standard

The function of a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P., is to assess the legal sufficiency of the complaint. *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir.1984). Thus, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

A motion to dismiss should not be granted for failure to state a claim unless is appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts that would entitle him or her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Jaghory v. New York State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir.1997). In ruling on a motion to dismiss, the Court is limited to the facts set forth in the complaint, any documents attached thereto or incorporated by reference, and matters of which the Court may take judicial notice. *Hirsch v. Arthur Andersen & Co.,* 72 F.3d 1085, 1088, 1092 (2d Cir.1995); *Kramer v. Time Warner Inc.,* 937 F.2d 767, 773 (2d Cir.1991). Accordingly, the facts set forth below are taken directly from Plaintiff's amended complaint.

### Factual Allegations

This action arises out of Plaintiff's purchase from Home Depot of cabinets and other components for her kitchen that was being remodeled. According to the complaint, there were numerous problems with the cabinets when delivered: the kitchen was measured incorrectly; the cabinets did not fit the spaces for which they were designed; the wrong cabinets were delivered; drawers were mismatched; the cabinets would not accommodate the appliances; the cabinets did not conform to the drawings; appliances were mismatched for

---

1. Although Plaintiff has dropped counts three and five from the amended complaint, she has retained the original numbering for her counts. Thus, the amended complaint contains counts one, two, and four, which correspond to counts one, two, and four of the original complaint.

the space as designed; units were not ordered as promised, etc.

Ultimately, Plaintiff repudiated the contract, rejected the goods, and obtained a refund of her money. While this was taking place, she claims that she was harassed by Home Depot's collection department.

Plaintiff eventually purchased cabinets from another vendor, at a cost that was $13,054.96 in excess of her contract price with Home Depot. She also incurred expenses occasioned by the six-month delay in completing her kitchen remodeling project and in having some of the remodeling work redone.

In her amended complaint, Plaintiff has asserted three claims against Home Depot: breach of contract pursuant to Article 2 of Connecticut's Uniform Commercial Code, Conn. Gen.Stat. § 42a–1–201, et seq. (Count One); fraudulent misrepresentation under Conn. Gen.Stat. § 42a–2–721 (Count Two); and violation of Connecticut's Unfair Trade Practices Act, Conn. Gen.Stat. § 42–110a, et seq. (Count Four).

### Discussion

### I. Fraudulent Misrepresentation— Conn. Gen.Stat. § 42a–2–721

■ Defendant has moved to dismiss Plaintiff's claim for fraudulent misrepresentation under Conn. Gen.Stat. § 42a–2–721 on two grounds: (a) Plaintiff has failed to plead fraud with particularity as required by Rule 9(b), Fed.R.Civ.P.; and (b) Plaintiff has failed to plead the required elements of fraud under Connecticut law.

Because our subject matter jurisdiction is invoked pursuant to the parties' diversity of citizenship, see 28 U.S.C. § 1332, we apply the substantive law of the forum to Plaintiff's state-law claims. See Erie R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). However, the procedural pleading requirements are governed by federal law. See 2 Moore's Federal Practice § 9.03[1][e] (3d ed.2003).

The Federal Rules of Civil Procedure do not require a plaintiff to detail in the complaint all of the facts upon which a claim is based. To the contrary, the Rules require only "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. at 47, 78 S.Ct. 99; see Rule 8(a)(2), Fed.R.Civ.P. (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). However, when fraud is alleged, the Rules contain an additional requirement. Rule 9(b), Fed.R.Civ.P., states that "[i]n all averments of fraud ... the circumstances constituting fraud ... shall be stated with particularity." The Second Circuit has cautioned that, when deciding a Rule 12(b)(6) motion based upon the plaintiff's failure to plead fraud with particularity, "the court's function ... is not to weigh the evidence that might be presented at trial, but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir.1985); see also Omega Engineering, Inc. v. Eastman Kodak Co., No. B–90–554, 1991 WL 218456, at *3 (D.Conn. Aug.20, 1991).

Under Connecticut law, the elements of a claim for fraudulent representation are as follows: (1) a false representation was made as a statement of fact; (2) it was untrue and known to be untrue by the person making it; (3) it was made to induce action by the other party; and (4) the other party did so act upon the statement to his or her detriment. Suffield Dev. Assocs. Ltd. P'ship v. National Loan Investors, L.P., 260 Conn. 766, 777, 802 A.2d 44 (2002); Statewide Grievance Comm. v. Egbarin, 61 Conn.App. 445, 454, 767 A.2d

732, *cert. denied,* 255 Conn. 949, 769 A.2d 64 (2001).

Defendant charges that Plaintiff has failed to identify who made the fraudulent misrepresentations; she does not state when or where the statements were made; and she does not explain why they were fraudulent. (Def.'s Reply at 4.) Moreover, even when Plaintiff's allegations are accepted as true, Defendant argues, they do not give rise to a strong inference that Defendant knew the statements were false at the time they were made. (*Id.*) Defendant further asserts that Plaintiff has failed to allege fraudulent intent or a strong inference of conscious or reckless behavior from which a strong inference of fraudulent intent can be inferred. (*Id.* at 5.)

The only misrepresentations alleged by Plaintiff in her amended complaint are as follows:

- Defendant's designer gave repeated assurances that the Defendant was capable of providing the requested components, despite the fact that she had never entered Plaintiff's premises. (Am.Compl.¶ 12(d).)

- "Notwithstanding Defendant's promises and representations to the Plaintiff otherwise, Plaintiff expects to provide testimony to the effect that Defendant knew or had reason to know from the inception of this transaction that it lacked the capacity to provide the components it promised at contract price." (Am. Compl.¶ 14.)

- Defendant's agent promised Plaintiff that the appropriate stove top unit would be ordered and available within one to two weeks, but when Plaintiff spoke with the vendor, she was told that the stove top had not been ordered. Indeed, the vendor did not manufacture a stove top unit that would match the necessary specifications. (Am.Compl.¶¶ 15(c) and (d).)

- Defendant's New Hartford departmental supervisor told Plaintiff's contractor that the entire order should be discarded and should never have been accepted in the first place because Home Depot is incapable of providing the promised components. (Am. Compl.¶ 15(e).)

- When Plaintiff confronted the store manager, he said that he knew nothing about kitchen design, he only makes business decisions and that he decided to proceed with her order because he did not want to lose such a large sale. (Am.Compl.¶ 15(f).)

- During a conversation between Plaintiff's countertop designer and Terry Peck, the supervisor of the kitchen department at Defendant's New Hartford store, Ms. Peck admitted that the stove top had not been ordered because Defendant's kitchen design was "all wrong" and should have been thrown away. She described Defendant as a "big box" retailer that never should have undertaken a kitchen project of this complexity. (Am. Compl.¶ 17.)

- Defendant's Assistant Store Manager, Gary Perzan, admitted that they had undertaken a project for which it was not properly equipped because of the dollar value of the purchase. (Am. Compl.¶ 19.)

Plaintiff incorporates by reference these allegations in her second count and asserts that:

Inasmuch as (a) agents of the Defendant made false representations regarding capacity and competence to provide the goods contracted for and made such representations as statements of fact; (b) by their own admissions, agents of De-

fendant had reason to believe such representations were untrue; (c) such representations were made for the purpose of inducing Plaintiff to make the contracted purchase; and (d) Plaintiff did make the contracted purchase to her detriment; such actions of the Defendant constitute fraudulent misrepresentation under § 42a–2–721 of the Code. (Am.Compl.¶ 38.)

The Court agrees with Defendant that, even as amended, count two must be dismissed for failure to plead the elements of fraudulent misrepresentation with the particularity required by Rule 9(b). The Second Circuit has held that a complaint alleging fraud must (1) specify the statements Plaintiff contends were fraudulent, (2) identify the speaker, (3) state when and where the statements were made, and (4) explain why the statements were fraudulent. *Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1128 (2d Cir.1994). Here, Plaintiff has failed to identify any false statements made by Defendant's agent(s) to Plaintiff, which were known by that person to be false, which were made to induce Plaintiff to act, and upon which Plaintiff did act to her detriment. One can infer from the generalized allegations of paragraph 38 that one or more employees or agents of Defendant misrepresented to Plaintiff that Defendant had the capacity to deliver the appropriate cabinets for Plaintiff's remodeling job, but Plaintiff never alleges what statements were made, by whom they were made, or when and where. Plaintiff also fails to allege that the person making those statements knew them to be false and made them to induce Plaintiff to act, and that she did in fact act based upon these misrepresentations. There may have been other misrepresentations made to Plaintiff. These need to be fleshed out and pled with particularity.

"The failure to fulfill a promise to perform future acts is not ground for a fraud action unless there existed an intent not to perform at the time the promise was made." *Cohen v. Koenig,* 25 F.3d 1168, 1172 (2d Cir.1994). "Similarly, statements will not form the basis of a fraud claim when they are mere 'puffery' or are opinions as to future events." *Id.* (citing New York cases). "Nonetheless, a relatively concrete representation as to a company's future performance, if made at a time when the speaker knows that the represented level of performance cannot be achieved, may ground a claim of fraud." *Id.*

Most of the statements alleged by Plaintiff were statements made by employees of Defendant after Plaintiff had placed her order and were statements made about actions taken by other employees. These simply do not set forth a cause of action for fraudulent misrepresentation, and the generalized allegations of fraud set forth in paragraph 38 do not save this otherwise deficient claim. Thus, Defendant's motion to dismiss count two will be granted without prejudice to Plaintiff's repleading.[2] *See Valdes v. Qwest Communications*

---

2. Defendant urges the Court to dismiss Plaintiff's claims with prejudice because she has already sought to cure the deficiencies by filing an amended complaint. "While a plaintiff who has once taken advantage of the opportunity to amend [her] complaint in light of defects to which [her] attention has been drawn should be able to achieve some clarity and precision, and may properly be denied yet another opportunity to amend, it is nevertheless the rule that the court should not dismiss the complaint pursuant to Rule 12(b)(6) unless it appears 'beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.' *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)." *Goldman v. Belden,* 754 F.2d at 1065. The Court is unable to so conclude at this juncture and, therefore, grants Plaintiff leave to replead this count should she choose to do so.

*Int'l, Inc.*, 147 F.Supp.2d 116, 125 (D.Conn. 2001).

## II. Violation of CUTPA—Conn. Gen. Stat. §§ 42–110a et seq.

Defendant asserts that Plaintiff's CUTPA claim set forth in count four should be dismissed for failure to state a claim upon which relief may be granted because (a) Plaintiff has not pled substantial aggravating factors attending the breach of contract, which would constitute an actual deceptive act or practice; and (b) Plaintiff has failed to allege any ascertainable economic loss as a result of any alleged violation of public policy embodied in the Connecticut Creditors' Collection Practices Act, Conn. Gen.Stat. §§ 36a–645, *et seq.* Defendant argues that "[t]he factual allegations of Plaintiff's Amended Complaint do nothing more than dramatize a situation where the Defendant allegedly entered into an agreement to sell Plaintiff certain kitchen components, which ... turned out to be, Plaintiff alleges, mismatched, mismeasured, or unavailable.... While Plaintiff's Amended Complaint may paint an ugly picture of a failed transaction, it does not plead substantial aggravating factors to constitute an actual deceptive act or practice under CUTPA." (Def.'s Reply at 6.)

■ Since fraud is not a necessary element of a state CUTPA claim, *see Miller v. Appleby*, 183 Conn. 51, 54–55, 438 A.2d 811 (1981), a plaintiff does not need to meet the heightened pleading requirements of Rule 9(b), Fed.R.Civ.P., when asserting a state CUTPA claim in federal court. *See Martin v. American Equity Ins. Co.*, 185 F.Supp.2d 162, 167 (D.Conn. 2002); *see also Omega Engineering, Inc. v. Eastman Kodak Co.*, 908 F.Supp. 1084, 1099 (D.Conn.1995).

■ CUTPA provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Conn. Gen.Stat. § 42–110b(a). Whether an alleged practice violates CUTPA is determined by the so-called "cigarette rule":

(1) Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise—whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes injury to consumers [competitors or other businessmen].

*Cheshire Mortgage Serv., Inc. v. Montes*, 223 Conn. 80, 105–06, 612 A.2d 1130 (1992) (quoting *McLaughlin Ford, Inc. v. Ford Motor Co.*, 192 Conn. 558, 567–68, 473 A.2d 1185 (1984)) (alterations in original); *see also Macomber v. Travelers Prop. & Cas. Corp.*, 261 Conn. 620, 644, 804 A.2d 180 (2002); *Benham v. Wallingford Auto Park, Inc.*, No. CV020459418S, 2003 WL 22905163 (Conn.Super.Ct. Nov.26, 2003). "A practice may be unfair because of the degree to which it meets one of the criteria or because, to a lesser extent, it meets all three." *Cheshire Mortgage Serv.*, 223 Conn. at 106, 612 A.2d 1130.

The Connecticut courts have held that a simple breach of contract, even if intentional, does not amount to a violation of CUTPA. A plaintiff must show substantial aggravating circumstances to recover under the Act. *See, e.g., Rizzo Const. Pool Co. v. Riefler*, No. 391537, 2003 WL 22962196, at *13 (Conn.Super.Ct. Dec.3, 2003); *Raffone v. Home Depot U.S.A., Inc.*, No. CV020465471, at *1 (Conn.Super.Ct. June 23, 2003); *Lunn v. Hussey*, No. CV010085525, 2003 WL 716298, at *2 (Conn.Super.Ct. Feb.11, 2003).

■ Here, Plaintiff has alleged that Defendant knew or should have known from the inception of the transaction that it lacked the capacity to provide the promised kitchen components at the contract price and, in fact, that its vendors did not even manufacture such components. She further states that store personnel admitted that management continued to process Plaintiff's order, in disregard of instructions from the departmental supervisor, and made false claims about a delivery date so as to avoid loss of a sale. Additionally, she states that they made knowing representations and attempted to obfuscate their incompetence in order to retain a profit on Plaintiff's contract. She further claims that, over a four-month period, Defendant made harassing telephone calls to her and her husband at their home and made inappropriate and unwarranted threats against her in an effort to collect payments. (Am. Compl.¶ 41.) These facts, she alleges, set forth substantial aggravating circumstances of Defendant's breach of contract to constitute an actionable violation of CUTPA.

The Court agrees and finds that these allegations sufficiently set forth a fact pattern upon which a jury could find that the Defendant's acts were offensive to public policy in violation of CUTPA. In *Larobina v. Home Depot, USA, Inc.*, 76 Conn. App. 586, 821 A.2d 283 (2003), the plaintiff alleged breach of contract claims and a violation of CUTPA by Home Depot, when it attempted to exact a higher price for the sale and installation of carpet than what was stated on its standardized form documents. As a result, the plaintiff lost his bargain to have the carpet installed for the lower price. The Connecticut Court of Appeals held that this conduct constituted both a breach of contract and a violation of CUTPA. *Id.* at 597, 821 A.2d 283. Although the facts of this case are different, the aggravating circumstances are equally, if not more, egregious than those set forth in the *Larobina* case.

■ Defendant also contends that Plaintiff cannot rely on Connecticut's Creditor's Collection Practices Act, Conn. Gen.Stat. § 36a–646 [3] ("CCPA"), to support a violation of CUTPA because Plaintiff has not alleged an "ascertainable loss" as a result of that conduct.[4] In *Pabon v. Recko*, 122 F.Supp.2d 311, 313 (D.Conn.2000), this Court held that a violation of the CCPA could constitute a violation of public policy and thereby form the basis for a CUTPA claim.

CUTPA, Conn. Gen.Stat. § 42–110b(d), provides that it is intended to be remedial and is to be so construed. Thus, the courts of Connecticut have frequently stressed that it is to be interpreted liberally. *E.g., Associated Inv. Co. Ltd. P'ship v. Williams Assocs. IV*, 230 Conn. 148, 157, 645 A.2d 505 (1994). In *Hinchliffe v. American Motors Corp.*, 184 Conn. 607, 613, 440 A.2d 810 (1981), the Court held that the words "any ascertainable loss" as used in Conn. Gen.Stat. § 42–110g(a) do not require a plaintiff to prove a specific amount of actual damages. " 'Ascertainable' " means " 'capable of being discover-

---

**3.** Section 36a–646, Conn. Gen.Stat., provides "[n]o creditor shall use any abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect any debt."

**4.** Section 42–110g(a), Conn. Gen.Stat., provides that "(a)ny person who suffers *any ascertainable loss of money or property, real or personal*, as a result of the use or employment of a method, act or practice prohibited by section 42–110b, may bring an action in the judicial district in which the plaintiff or defendant resides or has his principal place of business or is doing business, to recover actual damages." (Emphasis added).

ed, observed or established.'" *Id.* at 614, 440 A.2d 810 (quoting *Scott v. Western Int'l Surplus Sales, Inc.,* 267 Or. 512, 515, 517 P.2d 661 (1973)).

In this case, although Plaintiff does not allege a separate and discrete injury caused by Defendant's alleged harassing telephone calls over a four-month period, Plaintiff does allege an ascertainable loss caused by Defendant's overall conduct. Defendant's collection efforts and these harassing calls are part of the "unfair trade practice" of which Plaintiff complains.

We have found no authority that requires a plaintiff to allege a specific ascertainable loss with respect to each public policy, common-law, and/or statutory violation on which his or her CUTPA claim is based. Given the broad definition of "ascertainable loss" and the remedial nature of CUTPA, we decline to impose such a requirement. Therefore, we deny Defendant's request that we dismiss that portion of Plaintiff's CUTPA claim based upon Defendant's alleged violation of the CCPA, in addition to her claims of public policy violations.

Plaintiff's allegations of a deceptive trade practice are sufficient to withstand a motion to dismiss. Accordingly, Defendant's motion to dismiss count four is denied.

### Conclusion

Defendant's Motion to Dismiss [**Doc. # 11**] is granted in part and denied in part. Count two of the amended complaint is dismissed without prejudice. Defendant's motion to dismiss count four is denied. In all other respects, in light of Plaintiff's filing an amended complaint, the motion to dismiss is denied as moot.

SO ORDERED.