**Susan MARTIN, Plaintiff,**

v.

**AMERICAN EQUITY INSURANCE COMPANY, Defendant.**

No. 3:01CV2009 (GLG).

United States District Court, D. Connecticut.

Feb. 2, 2002.

**163**

Sean M. McHugh, Middletown, CT, for plaintiff.

John William Dietz, Halloran & Sage, Westport, CT, for defendant.

### *MEMORANDUM DECISION*

GOETTEL, District Judge.

Defendant moves to dismiss **[Doc. # 9]** the second, third and fourth counts of plaintiff's complaint on the ground that each of these counts fails to state a cause of action. *See* Fed.R.Civ.P. 12(b)(6). These counts allege a bad faith tort by defendant insurance company, violations of the Connecticut Unfair Insurance Practices Act, Conn. Gen.Stat. §§ 38a–815, *et seq.*, ("CUIPA"), and violations of the Connecticut Unfair Trade Practices Act, Conn. Gen.Stat. §§ 42–110a, *et seq.*, ("CUTPA"). For the reasons set forth below, defendant's motion will be granted.

In ruling on this motion to dismiss, the Court must accept as true all factual allegations of the complaint and must draw all reasonable inferences in favor of the plaintiff. *Ganino v. Citizens Utilities Co.*, 228 F.3d 154, 161 (2d Cir.2000). Dismissal is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). However, while the pleading standard in federal court is a liberal one, bald assertions and conclusions of law will not suffice. *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir.1996); *see also Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1088, 1092 (2d Cir.1995)(holding that conclusory allegations as to the legal status of defendants' acts need not be accepted as true for purposes of ruling on a motion to dismiss); *see generally* 2 *Moore's Federal Practice* § 12.34[1][b] (3d ed.2001).

The procedural background of this suit is set forth in this Court's prior ruling on

plaintiff's motion to dismiss and will not be repeated herein.

### Discussion

Initially, plaintiff argues that the motion to dismiss is improper and that the proper procedural vehicle is a motion to strike. Whatever may be the practice in the state courts, defensive motions in federal courts are governed by Rule 12, Fed.R.Civ.P. Rule 12(b)(6) provides that a defense of failure to state a claim upon which relief can be granted may be made optionally by motion or by answer. A motion to strike, which is governed by subparagraph (f) of Rule 12, concerns only "any insufficient *defense* or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.Civ.P. 12(f); *see* 2 *Moore's Federal Practice* § 12.37[3] at 12–96 (3d ed. 2001)("The absence of allegations supporting a particular theory of recovery should not provide grounds for striking a claim."). This is clearly not such a motion. Consequently, the motion is procedurally proper, and we turn to the merits of defendant's motion.

### I. Count Two—Bad Faith Tort

In Count Two, the plaintiff alleges in conclusory fashion that defendant "willfully and intentionally and wrongfully refused to provide . . . representation and/or defense required under the terms of the policy when in good faith it should have done so. . . . The Defendant's actions were unreasonable, outrageous, malicious and done in bad faith in [sic] unfair dealing which was by implication incorporated within the terms of the insurance policy." (Compl.Ct.II, ¶ 10.) Plaintiff additionally alleges that defendant acted in bad faith by failing to provide her with representation or a defense, by failing to implement the procedures of its policy, and by collecting premiums, yet refusing to provide coverage. *Id.* at ¶ 11. As a result, it is alleged that plaintiff has suffered damages for emotional distress and has incurred attorney's fees. Plaintiff also seeks punitive damages and attorney's fees as well as statutory interest and costs under the Connecticut General Statutes.

Defendant concedes that there is an implied covenant of good faith and fair dealing inherent in all insurance contracts, and that if it unreasonably and in bad faith withholds payment of a claim, it may be subject to liability in tort. However, it maintains that plaintiff has failed to allege any conduct that would rise to the level of bad faith.

■ In this diversity case, Connecticut law defines the elements of a cause of action for bad faith. However, federal law governs the degree of particularity with which such an allegation must be pled in a federal complaint. *See Stern v. General Electric Co.*, 924 F.2d 472, 476, n. 6 (2d Cir.1991).

■ In *Buckman v. People Express, Inc.*, 205 Conn. 166, 170, 530 A.2d 596 (1987), the Connecticut Supreme Court recognized an independent cause of action in tort for bad faith arising from an insurer's breach of its common-law duty of good faith. "To prove a claim for bad faith under Connecticut law, the [plaintiff is] required to prove that the defendant[ ] engaged in conduct design[ed] to mislead or to deceive . . . or a neglect or refusal to fulfill some duty or some contractual obligation not prompted by an honest mistake as to one's rights or duties . . . [B]ad faith is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity . . . [I]t contemplates a state of mind affirmatively operating with furtive design or ill will." *Chapman v. Norfolk & Dedham Mutual Fire Ins. Co.*, 39 Conn.App. 306, 320, 665 A.2d 112

(1995). Under Connecticut law, a bad faith claim "must be alleged in terms of wanton and malicious injury, evil motive and violence...." *Janicki v. Massachusetts Casualty Ins. Co.*, No. 530774, 1996 WL 694590, at *2 (Conn.Super.Nov.15, 1996). Allegations of a mere coverage dispute or negligence by an insurer in conducting an investigation will not state a claim for bad faith against an insurer. *See Uberti v. Lincoln National Life Ins. Co.*, 144 F.Supp.2d 90, 103 (D.Conn.2001).

■ In ruling on a motion to dismiss, we are limited to the facts of the complaint, which we must construe most favorably to the plaintiff. Plaintiff has alleged only that defendant failed to provide coverage and failed to provide her with a defense in the underlying state court action. These alleged facts do not set forth a cause of action for bad faith under Connecticut law. Although plaintiff has included naked, conclusory allegations as to the legal status of defendant's acts, plaintiff never specifies how or in what manner defendant's denial of coverage or its refusal to provide her with a defense was "unreasonable, outrageous, malicious and done in bad faith." Plaintiff has alleged no acts or conduct by defendant that would demonstrate a dishonest purpose, malice or bad faith. A denial of insurance coverage may or may not constitute bad faith depending upon the facts of the case. However, in the instant case, plaintiff's conclusory allegations provide no basis for this Court to reasonably infer bad faith. Accordingly, defendant's motion to dismiss Count Two is granted without prejudice to plaintiff's filing an amended pleading.

■ The second count also implicitly contains a claim for infliction for emotional distress. To that extent, the pleading is also inadequate. Under Connecticut law, to state a cause of action for intentional infliction of emotional distress, a plaintiff must allege that: (1) the defendant intended or knew that emotional distress would likely result from its conduct; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct caused plaintiff distress; and (4) that plaintiff's distress was severe. *Appleton v. Board of Educ. of Stonington*, 254 Conn. 205, 210, 757 A.2d 1059 (2000); *Vorvis v. Southern New Eng. Tel. Co.*, 821 F.Supp. 851, 855 (D.Conn.1993)(citing *Petyan v. Ellis*, 200 Conn. 243, 253, 510 A.2d 1337 (1986)).

■ In interpreting what constitutes "extreme and outrageous" conduct, Connecticut courts have relied on the *Restatement (Second) of Torts* § 46, comment d (1965), which provides: "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *See DeLaurentis v. City of New Haven*, 220 Conn. 225, 266–67, 597 A.2d 807 (1991); *Petyan v. Ellis*, 200 Conn. at 254, n. 5, 510 A.2d 1337. Whether a defendant's conduct rises to the level of being "extreme and outrageous" is a question to be determined by the court in the first instance. *See, Johnson v. Chesebrough–Pond's USA Co.*, 918 F.Supp. 543, 552 (D.Conn.), *aff'd*, 104 F.3d 355 (2d Cir. 1996); *Appleton*, 254 Conn. at 210, 757 A.2d 1059. It is only when reasonable minds could disagree that it becomes an issue for the jury.

■ The threshold issue is whether plaintiff has alleged extreme and outrageous conduct by defendant. Here, plaintiff has failed to allege that any of the actions taken by defendant were done in a manner that was so egregious or oppressive as to rise to the level of extreme and outrageous conduct. No reasonable jury would be permitted to infer that defen-

dant's conduct, as alleged, was sufficiently extreme and outrageous to support a claim for intentional infliction of emotional distress. *See Appleton,* 254 Conn. at 211, 757 A.2d 1059; *Dobrich v. General Dynamics Corp.,* 40 F.Supp.2d 90, 104–05 (D.Conn. 1999). Similarly, plaintiff's complaint fails to state a claim for negligent infliction of emotional distress, which differs from intentional infliction of emotional distress as to the state of mind of the actor, but not as to the conduct claimed to be extreme and outrageous. *See Parsons v. United Technologies Corp.,* 243 Conn. 66, 88, 700 A.2d 655 (1997).

Therefore, to the extent that Count Two can be read as attempting to state a claim for intentional or negligent infliction of emotional distress, under either scenario, it is dismissed for failure to state a claim upon which relief many be granted.

## II. Count Three—Connecticut's Unfair Insurance Practices Act

The central issue raised by defendant's motion to dismiss Count Three of plaintiff's complaint is whether there is a private cause of action under CUIPA. Although not yet conclusively decided by the Connecticut Supreme Court, most federal and Connecticut state courts have determined that CUIPA does not provide for a private cause of action. *See Lander v. Hartford Life & Annuity Ins. Co.,* 251 F.3d 101, 119, n. 7 (2d Cir.2001); *Peck v. Public Service Mutual Ins. Co.,* 114 F.Supp.2d 51, 57 & n. 6 (D.Conn.2000); *Peterson v. Provident Life & Acc. Ins. Co.,* No. 3:96CV2227(AHN), 1997 WL 527369, at *2 (D.Conn. July 17, 1997); *Thompson & Peck, Inc. v. Reliance Ins. Co.,* No. CV990267591S, 2001 WL 1178596, at *2 (Conn.Super.Aug.30, 2001); *Chieffo v. Yannielli,* No. CV000159940, 2001 WL 950286, at *4 (Conn.Super. July 10, 2001); *Chance v. Kulla,* No. CV000160537S, 2001

WL 686905 (Conn.Super. May 24, 2001). Certainly, this has been the recent trend among the state courts, and has been recognized by the Second Circuit as the majority position. *Lander,* 251 F.3d at 119.

■ In keeping with the majority of Connecticut and federal courts that have considered this issue, we, too, believe that this is the better view. The text of CUIPA, as well as its legislative history, establishes its regulatory nature. The Act specifically authorizes the Commissioner of Insurance to investigate unfair insurance practices and to enforce its provisions, yet it makes no mention of a private right of action. The Act also establishes an administrative procedure through which the Commissioner can take action against a person engaging in an unfair insurance practice. *See Peterson,* 1997 WL 527369, at *2. Moreover, in *Mead v. Burns,* 199 Conn. 651, 509 A.2d 11 (1986), the Connecticut Supreme Court characterized CUIPA as a penal statute, which further supports the proposition that no private right of action is available under CUIPA. *See Lander,* 251 F.3d at 119.

Accordingly, we hold that there is no private right of action under CUIPA and grant defendant's motion to dismiss Count Three.

## III. Count Four—Connecticut's Unfair Trade Practices Act

The fourth count of plaintiff's complaint alleges a violation of Connecticut's Unfair Trade Practices Act ("CUTPA") by virtue of defendant's violation of Conn. Gen.Stat. § 38a–816(2) and (6), which are part of CUIPA. The Connecticut Supreme Court has recognized a private cause of action under CUTPA to enforce violations of CUIPA. *Mead v. Burns,* 199 Conn. at 663–66, 509 A.2d 11; *Lees v. Middlesex Ins. Co.,* 229 Conn. 842, 848, 643 A.2d 1282 (1994); *see also Waugh v. Nationwide*

*Mutual Ins. Co.*, No. 0244326, 1995 WL 9481, at *2 (Conn.Super. Jan. 5, 1995).

According to Count Four of plaintiff's complaint (which incorporates by reference Count Three), defendant violated Conn. Gen.Stat. § 38a–816(2)[1] in that defendant *"may have omitted* the definition of terms of the policy in the application or in the application procedure which misrepresented the conditions and/or terms of the policy inducing the Plaintiff to purchase inappropriate coverage," and defendant "published and/or disseminated information which was misleading with regards to policy coverage." (Pl.'s Compl. Ct. III, ¶ 13(a) and (b)(emphasis added)). Plaintiff, however, does not specify what information may have been omitted or what misleading information was published. Plaintiff has failed to allege any facts that would support a claim under CUTPA for an alleged violation of Conn. Gen.Stat. § 38a–816(2).

Plaintiff further claims "upon information and belief" that defendant performed one or more of the following unfair claims settlement practices with such frequency as to indicate a "general business practice" in violation of Conn. Gen.Stat. § 38a–816(6): (1) failing "to acknowledge an[d][sic] act with reasonable promptness upon communications with respect to claims rising under the insurance policies;" (2) "[n]ot attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability can be established;" and (3) "[f]ailing to promptly provide a reasonable explanation of the basis of [sic] the insurance policy in relation to the facts of [sic] applicable law for denial of the claim."[2] (Pl.'s Compl. Ct. III, ¶ 13(c).)

Defendant argues that this portion of plaintiff's CUTPA claim should be dismissed because plaintiff cannot rely on a single act to establish a general business practice in violation of Conn. Gen.Stat. § 38a–816(6), which is a requirement for any claim brought under this subsection of CUIPA.[3]

1. Section 38a–816(2), Conn. Gen.Stat., provides:

   False information and advertising generally. Making, publishing, disseminating, circulating or placing before the public, or causing, directly or indirectly, to be made, published, disseminated, circulated or placed before the public in a newspaper, magazine or other publication, or in the form of a notice, circular, pamphlet, letter or poster, or over any radio or television station, or in any other way, an advertisement, announcement or statement containing any assertion, representation or statement with respect to the business of insurance or with respect to any person in the conduct of his insurance business, which is untrue, deceptive or misleading.

2. The three alleged unfair settlement practices are taken from a list of fifteen set forth in Conn. Gen.Stat. § 38a–816(6). Subsection (6) requires that any of these practices be committed or performed "with such frequency as to indicate a general business practice."

3. Defendant also argues that this count should be dismissed because plaintiff has failed to plead a CUTPA violation with particularity. Although defendant is correct that the Connecticut courts have required CUTPA claims to be pled with particularity, this procedural requirement does not apply in federal court. Connecticut is a "fact-pleading" jurisdiction, in which each pleading must contain a "plain and concise statement of the material facts on which the pleader relies...." Conn. Practice Book § 108. The Federal Rules of Civil Procedure, however, require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ.P. 8(a). *Green v. Konover Residential Corp.*, No. 3:95CV1984(GLG), 1997 WL 736528, at *7 (D.Conn. Nov.24, 1997); *see also Federal Paper Board Co. v. Amata*, 693 F.Supp. 1376, 1390 (D.Conn.1988) (since fraud is not a necessary element for a claim under CUTPA, a plaintiff does not need to plead pursuant to the requirements of Rule 9(b)). The one federal case relied upon by defendant for the proposition that a CUTPA

■ Plaintiff's claim that the denial of coverage here was part of a general business practice is simply set forth on information and belief and in the most conclusory fashion, without any factual allegations to support this claim. No facts whatsoever have been pled in support this claim. Indeed, it is not even clear to the Court that plaintiff is claiming that the insurance company engaged in these three alleged unfair settlement practices with respect to her particular claim. However, assuming for purposes of this motion that plaintiff is asserting that defendant engaged in these practices with respect to her claim, the law in Connecticut is clear that CUIPA, Conn. Gen.Stat. § 38a–816(6), does not cover isolated instances of insurer misconduct. *Lees v. Middlesex Ins. Co.*, 229 Conn. at 849, 643 A.2d 1282.

The gravamen of plaintiff's complaint is that defendant unfairly refused to provide her with coverage and with a defense in the state court action brought against her. The Connecticut Supreme Court has held that "defendant's alleged improper conduct in the handling of a single insurance claim, without any evidence of misconduct by the defendant in the processing of any other claim, does not rise to the level of a 'general business practice' as required by § 38a–816(6)." *Id.* Although plaintiff may bring a private cause of action under CUTPA for an alleged violation of CUIPA, she may not bring an action under CUTPA unless the alleged unfair insurance practice violates CUIPA. "[A] CUTPA claim based on the public policy embodied in CUIPA must be consistent with the regulatory principles established therein." *Id.* at 849, 643 A.2d 1282. "[T]he definition of unacceptable insurer conduct in [§ 38a–816(6) ]

reflects the legislative determination that isolated instances of unfair insurance settlement practices are not so violative of the public policy of this state as to warrant statutory intervention." *Id.* at 850–51, 643 A.2d 1282.

Thus, to the extent that plaintiff bases her CUTPA claim on unfair claims settlement practices enumerated in § 38–816(6), she must allege sufficient facts to support her claim that defendant committed the alleged acts "with such frequency as to indicate a general business practice." *Id.*; *see also Quimby v. Kimberly Clark Corp.*, 28 Conn.App. 660, 669–71, 613 A.2d 838 (1992); *Talcott v. Neilson*, CV010341837S, 2001 WL 686870, at *1, 2 (Conn.Super. May 24, 2001). This plaintiff has failed to do.

Plaintiff's allegations in Count Four are inadequate to establish a violation of CUIPA under either § 38a–816(2) or (6), and consequently, defendant's motion to dismiss Count Four is granted.

### Conclusion

Accordingly, Defendant's Motion to Dismiss **[Doc. # 9]** Counts Two, Three and Four is Granted. As to Counts Two and Four, the Motion to Dismiss is granted without prejudice to plaintiff's filing an amended complaint in accordance with this opinion.

**SO ORDERED.**

claim must be pled with particularity, *Sorisio v. Lenox, Inc.*, 701 F.Supp. 950, 962 (D.Conn.), *aff'd on other grounds*, 863 F.2d 195 (2d Cir.1988), has been called into question by a subsequent decision of this Court, *Omega Engineering, Inc. v. Eastman Kodak Co.*, 908 F.Supp. 1084, 1100, n. 7 (D.Conn. 1995).