**WESTERN WORLD INSURANCE CO., Plaintiff,**

v.

**ARCHITECTURAL BUILDERS OF WESTPORT, LLC, et al., Defendants.**

No. 3:06CV01605 (DJS).

United States District Court, D. Connecticut.

Nov. 8, 2007.

Jack G. Steigelfest, Howard, Kohn, Sprague & Fitzgerald, Hartford, CT, for Plaintiff.

Jules Lang, Lepofsky, Lepofsky & Lang, Norwalk, CT, John J. Morgan, Barr & Lacava, Darren P. Renner, Lustig & Brown, Stamford, CT, Joseph Michael Musco, Law Offices of Brian J. Farrell Jr., New Haven, CT, Lawrence G. Widem, At-

torney General's Office, Hartford, CT, for Defendants.

### MEMORANDUM OF DECISION AND ORDER

DOMINIC J. SQUATRITO, District Judge.

On October 12, 2006,[1] the Plaintiff, Western World Insurance Co. ("Western World"), commenced this action pursuant to 28 U.S.C. § 2201, seeking a declaratory judgment that it is not obligated to provide insurance coverage under an insurance policy issued to Defendant Architectural Builders of Westport, LLC ("Architectural Builders"), of whom Defendant James Lamb ("Lamb") is a member, for alleged work-related injuries suffered by Defendant Carlos Garcia–Vargas ("Garcia–Vargas"). Architectural Builders and Lamb filed a two-count Amended Counterclaim, alleging that Western World's conduct constitutes "unfair insurance and unfair trade practice under Connecticut law," and seeking a declaratory judgment that Western World is obligated to provide insurance under the above-mentioned insurance policy. Now pending before the court is Western World's motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.") to dismiss the Second Count of the Amended Counterclaim (dkt.# 25).[2] (dkt.# 27). For the following reasons, Western World's motion to dismiss (dkt.# 27) is **GRANTED**.

### I.  FACTS

The background of this case is relatively brief. Western World issued an insurance policy, Policy No. NPP900229, ("the Policy") to Architectural Builders. The Policy, whose effective dates were July 9, 2004 through July 8, 2005, included commercial liability coverage, and generally provided coverage to the insured for sums the insured became legally obligated to pay because of bodily injury resulting from an occurrence, subject to the terms, conditions, exclusions, definitions and other provisions of the Policy. Garcia–Vargas claims that, on March 16, 2005, he sustained injuries while working on a job site where Architectural Builders was apparently performing construction services.[3]

Western World alleges that the terms of the Policy limited the Policy's coverage to the specific locations and operations described in the "Schedule" of the Policy's "Limitation of Coverage to Designated Premises or Project" ("the Endorsement"). According to Western World, the site at which Garcia–Vargas allegedly sustained his injuries was not one of the locations described in the Schedule. Thus, Western World argues that, pursuant to the terms of the Policy, is it not required to indemnify Architectural Builders or Lamb. Architectural Builders and Lamb argue that Western World is obligated to provide insurance coverage for any injuries Garcia–Vargas may have sustained on March 16, 2005, and that Western World's conten-

---

1.  Although the Complaint is dated September 28, 2006, the docket reflects that the Complaint was filed on October 12, 2006. (*See* dkt. # 1.)

2.  The original Counterclaim was filed on March 15, 2007. (*See* dkt. # 9.) On April 12, 2007, Western World filed a motion to dismiss the Second Count of the Counterclaim. (*See* dkt. # 10.) The court denied the motion to dismiss without prejudice, and ordered Architectural Builders and Lamb to file an amended counterclaim on or before August 24, 2007. (*See* dkt. # 24.) The Amended Counterclaim was filed on August 13, 2007. (*See* dkt. # 25.)

3.  As a result of this alleged incident, Garcia–Vargas brought an action in the Connecticut Superior Court for the Judicial District of Stamford at Stamford against, among others, Architectural Builders and Lamb.

tions to the contrary violate Connecticut law.

## II.  DISCUSSION

Western World has moved pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the Second Count of the Amended Counterclaim.[4] In the Second Count of the Amended Counterclaim, Architectural Builders and Lamb assert that "[i]f the plaintiff's contention regarding the [Policy] is correct (which is denied) it renders the coverage provided in the [P]olicy illusory and constitute[s] an unfair insurance and unfair trade practice under Connecticut law." (Dkt. # 25 ¶ 15.) Western World contends that the Second Count of the Amended Counterclaim fails to state a claim upon which relief may be granted under either Connecticut's Unfair Insurance Practices Act, Conn. Gen.Stat. §§ 38a–815 *et seq.* ("CUIPA") or Connecticut's Unfair Trade Practices Act, Conn. Gen.Stat. §§ 42–110a *et seq.* ("CUTPA").

### A.  MOTION TO DISMISS STANDARD[5]

When considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir. 1996).  Dismissal is warranted only if, un-

der any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir.1998).  "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." *United States v. Yale New Haven Hosp.,* 727 F.Supp. 784, 786 (D.Conn. 1990) (citing *Scheuer,* 416 U.S. at 232, 94 S.Ct. 1683).  In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." *Samuels v. Air Transp. Local 504,* 992 F.2d 12, 15 (2d Cir.1993).

### B.  ANALYSIS

The court begins by noting that it is not clear how many causes of action Architectural Builders and Lamb are asserting in the Second Count of the Amended Counterclaim.  The Second Count of the Amended Counterclaim reads as follows: "If the plaintiff's contention regarding the [Policy] is correct (which is denied) it . . . constitute[s] an unfair insurance and an unfair trade practice under Connecticut law." (Dkt. # 25 ¶ 15.)  In the court's view, Architectural Builders and Lamb could be asserting: (1) an independent CUIPA claim;  (2) a CUTPA claim based

---

**4.**  The First Count of the Amended Counterclaim does not appear to specifically assert a legal theory, as it sets forth a description of the parties, the basis for the court's jurisdiction, and the background facts of this case. Upon reading the First Count, one could read it as seeking a declaratory judgment that is opposite of the declaratory judgment sought by Western World.  The parties appear to read the First Count in such a manner, and the court shall do so as well.

**5.**  A "complaint" and a "counterclaim" are treated the same for the purposes of a motion to dismiss.  Therefore, with regard to the motion to dismiss standard, the terms "counterclaim" and "counterclaim plaintiff" (or "counterclaimant") can be substituted for "complaint" and "plaintiff."

upon violations of CUIPA; or (3) a CUTPA claim not based upon violations of CUIPA. Therefore, the court shall read the Amended Counterclaim in the light most favorable to Architectural Builders and Lamb and assume that they are asserting all three types of claims.

### 1. CUIPA Claim/CUIPA Through CUTPA Claim

As the court reads the relevant case law, there is a strong possibility that Architectural Builders and Lamb could not bring separate cause of action for a CUIPA violation. "Although not yet conclusively decided by the Connecticut Supreme Court, most federal and Connecticut state courts have determined that the Connecticut Unfair Insurance Practices Act ... does not provide a private cause of action." *Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101, 118 (2d Cir.2001). Indeed, as seen in a number of cases within both this district and the Connecticut Superior Court, no private right of action under CUIPA has been found to exist. *See, e.g., DeRossi v. Nat'l Loss Mgmt.*, 328 F.Supp.2d 283, 288 (D.Conn.2004); *Glynn v. Bankers Life and Cas. Co.*, 297 F.Supp.2d 424, 431 (D.Conn.2003); *Martin v. Am. Equity Ins. Co.*, 185 F.Supp.2d 162, 166 (D.Conn.2002); *Bepko v. St. Paul Fire and Marine Ins. Co.*, No. 3:04 CV 01996 PCD, 2005 WL 3619253, at *3 (D.Conn. Nov. 10, 2005); *Oak River Co. v. Ferreri*, No. 3:01 CV 2047(GLG), 2002 WL 31094978, at *3–4 (D.Conn. Aug.29, 2002); *Am. Progressive Life & Health Ins. Co. of N.Y. v. Better Benefits, LLC*, No. 471359, 2003 WL 22205977, at *2–3 (Conn.Super.Ct. Sep.10, 2003); *Thompson & Peck, Inc. v. Reliance Ins. Co.*, No. CV990267591S, 2001 WL 1178596, at *2 (Conn.Super.Ct. Aug. 30, 2001); *Chieffo v. Yannielli*, No. CV000159940, 2001 WL 950286, at *4 (Conn.Super.Ct. July 10, 2001); *Joseph v. Hannan Agency Inc.*, No.

323310, 1997 WL 15424, at *1 (Conn.Super.Ct. Jan. 9, 1997); *Stabile v. S. Conn. Hosp. Sys., Inc.*, No. 326120, 1996 WL 651633, at *3 n. 6 (Conn.Super.Ct. Oct. 31, 1996). On the other hand, in a minority of Connecticut Superior Court cases, a private right of action under CUIPA has been found to exist. *See, e.g., George's Auto Parts, Inc. v. Providence Wash. Ins. Co.*, No. CV000439407, 2001 WL 206081 (Conn.Super.Ct. Feb. 8, 2001); *Edelman v. Pac. Employers Ins. Co.*, No. CV 93 0533463, 1994 WL 590632 (Conn.Super.Ct. Oct. 20, 1994).

■ Here, however, the court need not determine whether CUIPA provides a private cause of action. Although there is debate as to whether a private cause of exists under CUIPA, there is no doubt that violations of CUIPA may be alleged as a basis for a CUTPA claim. *See Lees v. Middlesex Ins. Co.*, 229 Conn. 842, 847–51, 643 A.2d 1282 (1994); *Mead v. Burns*, 199 Conn. 651, 662, 509 A.2d 11 (1986). "In order to sustain a CUIPA cause of action under CUTPA, a plaintiff must allege conduct that is proscribed by CUIPA." *Nazami v. Patrons Mut. Ins. Co.*, 280 Conn. 619, 625, 910 A.2d 209 (2006). Thus, for the purposes of this decision, it is immaterial whether a private cause of action under CUIPA exists or not. A private cause of action under CUIPA and a CUTPA claim brought pursuant to violations of CUIPA both require Architectural Builders and Lamb to allege conduct that violates CUIPA.

With regard to CUIPA, Architectural Builders and Lamb assert that Western World violated specifically violated Conn. Gen.Stat. § 38a–816(1)(a), which prohibits "unfair methods of competition and unfair and deceptive acts or practices in the business of insurance" brought about by misrepresentations regarding the terms of insurance coverage. Section 38a–816(1)(a)

defines "unfair methods of competition and unfair and deceptive acts or practices in the business of insurance" as follows: "Making, issuing or circulating, or causing to be made, issued or circulated, any estimate, illustration, circular or statement, sales presentation, omission or comparison which: (a) Misrepresents the benefits, advantages, conditions or terms of any insurance policy; . . . ." Conn. Gen.Stat. § 38a–816(1)(a).

■ It appears that an "estimate, illustration, circular or statement, sales presentation, omission or comparison" is a sine qua non for a claim under § 38a–816(1)(a). The Second Count of the Amended Counterclaim does not clearly indicate what "estimate, illustration, circular or statement, sales presentation, omission or comparison" constitutes the misrepresentation here. Presumably, because they do not mention any other possibility, Architectural Builders and Lamb are alleging that the Endorsement constitutes an "estimate, illustration, circular or statement, sales presentation, omission or comparison" for the purposes of § 38a–816(1)(a). Even if the court were to assume for the sake of argument that the Endorsement constitutes an "estimate, illustration, circular or statement, sales presentation, omission or comparison" within the meaning of § 38a–816(1), Architectural Builders and Lamb have nevertheless failed to allege facts that constitute a misrepresentation under the statute. "Section 38a–816 (1) prohibits misrepresentations and false advertising of insurance policies." *Nazami*, 280 Conn. at 625–26, 910 A.2d 209 (internal quotation marks omitted). "Traditionally, an action for negligent misrepresentation requires the plaintiff to establish (1) that the defendant made a misrepresentation of fact (2)

that the defendant knew or should have known was false, and (3) that the plaintiff reasonably relied on the misrepresentation, and (4) suffered pecuniary harm as a result." *Id.* at 626, 910 A.2d 209. The Second Count of the Amended Counterclaim does not allege that Western World made a misrepresentation of fact regarding the Policy.

Additionally, even assuming that Architectural Builders and Lamb are asserting that the Endorsement itself constitutes the alleged misrepresentation,[6] their CUIPA allegations would fail. "The word 'endorsement' has been defined as meaning 'a provision added to an insurance contract altering its scope or application that takes precedence over printed portions in conflict therewith.' " *Schultz v. Hartford Fire Ins. Co.*, 213 Conn. 696, 703, 569 A.2d 1131 (1990) (quoting Webster's Third New International Dictionary). Architectural Builders and Lamb are challenging Western World's interpretation of the Endorsement. They do not assert that the Endorsement was fraudulently created, nor do they claim that the Endorsement is not a part of the Policy. Thus, the Endorsement, qua "endorsement," constitutes a part of the Policy. As Western World points out, it makes no sense that the Endorsement could misrepresent the Policy. That is akin to stating that the Policy misrepresents the Policy. The Policy cannot misrepresent itself. Therefore, the Endorsement could not constitute a misrepresentation for the purposes of CUIPA.

■ As Architectural Builders and Lamb point out, it is true that, unlike the pleading standard in Connecticut State court, the general pleading standard in federal court is one of notice pleading.

---

**6.** Architectural Builders and Lamb refer to the Endorsement's language as "a trap for the unwary." (*See* dkt. # 25 ¶ 17.)

*See* Fed.R.Civ.P. 8(a). That is, a complaint or counterclaim need contain only "a short and plain statement of a claim of the claim showing that the pleader is entitled to relief...." *Id.* "Specific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, — U.S. —, —, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (internal quotation marks omitted). Still, as the Supreme Court has recently held,

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[ ]....

*Bell Atl. Corp. v. Twombly*, — U.S. —, — – —, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007) (internal quotation marks and citations omitted).

Although "specific facts" are not required here, Architectural Builders and Lamb must put Western World on notice of the grounds upon which their claim rests by providing factual allegations that raise a right to relief. Architectural Builders and Lamb have not provided factual allegations with respect any misrepresentation made by Western World, which was necessary to demonstrate a CUIPA violation. In addition, as the court noted above, any contention that the Endorsement was such a misrepresentation fails as a matter of law. Consequently, Architectural Builders and Lamb have failed to allege conduct that violates CUIPA and, as a result, cannot sustain either a private cause of action under CUIPA or a CUTPA claim brought pursuant to violations of CUIPA.

#### 2. Independent CUTPA Claim

With regard to a CUTPA claim that is independent of CUIPA, the court finds that any such claim must fail here. Architectural Builders and Lamb have premised all of their claims upon the same alleged misconduct. "In order for an independent CUTPA claim to survive dismissal of a CUIPA through CUTPA claim based on the same underlying conduct, a plaintiff must elaborate on that conduct to show an independent violation of CUTPA." *L.A. Limousine, Inc. v. Liberty Mut. Ins. Co.*, 509 F.Supp.2d 176, 183 (D.Conn.2007) (citing *Lees*, 229 Conn. at 850–51, 643 A.2d 1282; *Mead*, 199 Conn. at 666, 509 A.2d 11; *Bepko*, 2005 WL 3619253, at *14–16). Architectural Builders and Lamb have not elaborated on what conduct constituted an independent CUTPA violation.

Furthermore, in their opposition memorandum, Architectural Builders and Lamb state that their claim is based "on a breach of contract of the insurance policy." (dkt.# 30, p. 3.) But as pointed out by the Second Circuit, "a simple contract breach is not sufficient to establish a violation of CUTPA...." *Boulevard Assocs. v. Sovereign Hotels, Inc.*, 72 F.3d 1029, 1038–39 (2d Cir.1995); *see Fabri v. United Techs. Intern., Inc.*, 387 F.3d 109, 122 n. 3 (2d Cir.2004) ("We, too, have held that a simple breach of contract does not violate CUTPA and that the plaintiff must show aggravating circumstances."). "A rule to the contrary—that a company violates CUTPA whenever it breaks an unprofitable deal—would convert every contract dispute into a CUTPA violation. We cannot assume that the Connecticut legislature, in enacting CUTPA, intended such an extraordinary alteration of the common

law." *Boulevard Associates,* 72 F.3d at 1039. Thus, a simple violation of the Policy, which is a contract, would be insufficient to establish a CUTPA claim. Consequently, because the court has found that Architectural Builders and Lamb cannot sustain either a private cause of action under CUIPA, a CUTPA claim brought pursuant to violations of CUIPA, or an independent CUTPA claim, Western World's motion to dismiss (dkt.# 27) is **GRANTED.**

### III. CONCLUSION

For the foregoing reasons, Western World Insurance Co.'s motion to dismiss (dkt.# 27) is **GRANTED.** The Second Count of Architectural Builders of Westport, LLC's and James Lamb's Amended Counterclaim (dkt.# 25) is hereby **DISMISSED.**

**SO ORDERED.**