**Ellen VAN DORSTEN, Plaintiff,**

**v.**

**PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY, Defendant.**

**No. 3:08 CV 210 (MRK).**

United States District Court, D. Connecticut.

May 21, 2008.

David Skinner Rintoul, Brown, Paindiris & Scott, Glastonbury, CT, for Plaintiff.

Jean Elizabeth Tomasco, Theodore J. Tucci, Robinson & Cole, Hartford, CT, for Defendant.

### RULING AND ORDER

MARK R. KRAVITZ, District Judge.

This case arises from Provident Life and Accident Insurance Company's ("Provident Life") decision to deny Plaintiff Ellen Van Dorsten benefits under her disability income insurance policy for the period from April 1, 2003 through July 2004. Ms. Van Dorsten's Complaint alleges claims for breach of contract (First Count), breach of the covenant of good faith and fair dealing (Second Count) and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen.Stat. § 42–110b, arising from an alleged violation of the Connecticut Unfair Insurance Practices Act ("CUIPA"), Conn. Gen.Stat. § 38a–316. *See* Complaint [doc. # 1]. Provident Life has now moved under Rule 12(b)(6) of the *Federal Rules of Civil Procedure* to dismiss the Second and Third Counts for failure to state a claim upon which relief can be granted. *See* Defendant's Motion to Dismiss [doc. # 14]. In essence, Provident Life claims that despite certain "conclusory allegations" included in her Complaint, Ms. Van Dorsten has pleaded only a breach of contract claim and has not alleged any circumstances that would support a claim of bad faith or a violation of CUTPA.

### I.

This Court has previously discussed at length the standard governing motions under Rule 12(b)(6). *See, e.g., Beary v. ING Life Ins. & Annuity Co.*, 520 F.Supp.2d 356, 361 (D.Conn.2007); *OBG Technical Servs. v. Northrop Grumman Space & Mission Sys. Corp.*, 503 F.Supp.2d 490, 502 (D.Conn.2007). Suffice it to say that in considering a motion to dismiss under Rule 12(b)(6), the Court "must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 591–92 (2d Cir.2007) (citing *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir.2002)). Further, "[s]pecific facts are not necessary; the statement need only ' "give the defendant fair notice of what the claim is

and the grounds upon which it rests." ' " *Erickson v. Pardus,* —— U.S. ——, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (alteration omitted) (quoting *Bell Atlantic Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))). The Second Circuit recently examined the Supreme Court's decision in *Twombly*—on which Provident Life leans heavily—and noted that *Twombly*'s "conflicting signals create some uncertainty as to the intended scope of the [Supreme] Court's decision." *Iqbal v. Hasty,* 490 F.3d 143, 157 (2d Cir. 2007). Nevertheless, the Second Circuit concluded that "[a]fter careful consideration of the [Supreme] Court's opinion and the conflicting signals from it that we have identified, we believe that the Court is not requiring a universal standard of heightened fact pleading...." *Id.* Instead, *Twombly* requires a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible.*" *Id.* at 157–58.

## II.

Both parties agree that Connecticut recognizes an independent cause of action arising from a party's breach of the covenant of good faith and fair dealing, which is implied in all contracts including insurance contracts. *See, e.g., Buckman v. People Express, Inc.,* 205 Conn. 166, 171, 530 A.2d 596 (1987). They also agree that under Connecticut law, a plaintiff pursuing such a claim must show that: (1) two parties entered into a contract under which the plaintiff reasonably expected to benefit; (2) the benefit was denied or obstructed by the other party's actions; and (3) the other party's actions were taken in bad faith. *See Franco v. Yale Univ.,* 238 F.Supp.2d 449, 455 (D.Conn.2002). The Connecticut Supreme Court has defined "bad faith" in this context as follows:

> Bad faith is defined as the opposite of good faith, generally implying a design to mislead or to deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation not prompted by an honest mistake as to one's rights or duties.... *Bad faith is not simply bad judgment or negligence,* but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity ... it contemplates a state of mind affirmatively operating with furtive design or ill will.

*Buckman,* 205 Conn. at 171, 530 A.2d 596 (emphasis added; quotation marks omitted); *accord Chapman v. Norfolk & Dedham Mut. Fire Ins. Co.,* 39 Conn.App. 306, 320, 665 A.2d 112 (1995). Accordingly, the parties agree that a mere coverage dispute, or even simple negligence on the part of the insurer, does not constitute bad faith on the insurer's part. *See Emmelmann v. Am. & Foreign Ins. Co.,* No. 03cv2144 (AWT), 2006 WL 861015, at *2 (D.Conn. Mar. 31, 2006); *Martin v. Am. Equity Ins. Co.,* 185 F.Supp.2d 162, 165 (D.Conn.2002).

■ Where the parties disagree is on whether Ms. Van Dorsten's Complaint sufficiently pleads actions on the part of Provident Life that amount to bad faith. Viewing the allegations of the Complaint in the light most favorable to Ms. Van Dorsten, the Court concludes that the Complaint sufficiently and plausibly pleads conduct by Provident Life that a jury could find meets Connecticut's definition of bad faith. In particular, the Complaint alleges that Provident Life "willfully ignored the statements and medical records submitted by Plaintiff without having any principled basis for doing so...." *See* Complaint ¶ 23. The Complaint further asserts that Provident Life relied on a record review con-

ducted by "unqualified persons lacking expertise in the medical conditions that were disabling Plaintiff," and "willfully and with the intention of unjustifiably denying benefits ignored the conclusions of its own independent medical examiner." *Id.* Contrary to Provident Life's claim, these allegations of using unqualified personnel to evaluate Ms. Van Dorsten's claim and willfully ignoring the results of an independent medical examination are not mere allegations of a bona fide coverage dispute or even negligence. Rather, these allegations, construed in the light most favorable to Ms. Van Dorsten, assert that Provident Life engaged "in a conscious doing of a wrong because of dishonest purpose...." *Buckman*, 205 Conn. at 171, 530 A.2d 596. As Judge Janet Bond Arterton observed in finding a violation of the covenant of good faith and fair dealing in *Uberti v. Lincoln Nat'l Life Ins. Co.*, a case on which both parties rely:

> Insureds in Connecticut can expect that insurers will reasonably and adequately investigate claims before denying coverage.... [A]n insurer may not cut off [or deny] benefits on the basis of unsupported determinations resulting from its arbitrary failure or refusal to properly perform the claims examination function.

144 F.Supp.2d 90, 104 (D.Conn.2001).

Of course, whether Ms. Van Dorsten will be able to prove her claims is quite another matter. At this stage of the case, however, the Court cannot conclude as a matter of law that Ms. Van Dorsten cannot prove the elements of a breach of the covenant of good faith and fair dealing. Therefore, the Court will not dismiss the Second Count.

### III.

■ Ms. Van Dorsten's Third Count is another matter, however. Once again the parties agree that a mere breach of an insurance contract, or even a breach of the covenant of good faith and fair dealing, is not sufficient to make out a CUTPA claim. Instead, Ms. Van Dorsten must allege and prove that Provident Life's conduct constituted a "general business practice." Thus, the Connecticut Supreme Court has held that "a CUTPA claim based on an alleged unfair [insurance] claims settlement practice prohibited by Section 38a–816(6), requires proof, as under CUIPA, that the unfair settlement practice had been committed or performed by the defendant with *such frequency as to indicate a general business practice.*" *Lees v. Middlesex Ins. Co.*, 229 Conn. 842, 850, 643 A.2d 1282 (1994) (emphasis added; quotation marks omitted); *see Martin*, 185 F.Supp.2d at 168 (stating that CUTPA does not govern isolated incidents of insurer misconduct).

Ms. Van Dorsten seeks to fit within the parameters of Connecticut law by alleging in a single conclusory sentence that "[o]n information and belief, Defendant has a general practice of denying valid disability insurance claims in the State of Connecticut." Complaint [doc. # 1] ¶ 28 (Third Count). It is true that Ms. Van Dorsten need not allege specific instances of denials of insurance claims by Provident Life at this stage of the case. But neither can she file a lawsuit on the basis of a conclusory statement in the hope of finding information during discovery that would validate her supposition. *See Jones v. Capital Cities/ABC, Inc.*, 168 F.R.D. 477, 480 (S.D.N.Y.1996) ("[T]he purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claims exists."). As the Supreme Court explained in *Twombly*, "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and con-

clusions, and a formulaic recitation of the elements of a cause of action will not do." 127 S.Ct. at 1964–65; *accord OBG,* 503 F.Supp.2d at 502.

Here, Ms. Van Dorsten's CUPTA allegations are the epitome of "formulaic recitation" of elements. While she need not at this stage provide exquisite detail to support her claim, she must at least provide "enough facts to raise a reasonable expectation that discovery will reveal evidence" of a general business practice on the part of Provident Life. *Twombly,* —— U.S. at ——, 127 S.Ct. at 1965; *see Benzman v. Whitman,* 523 F.3d 119, 129 (2d Cir.2008) (dismissing claims based on bare allegations without supporting facts). That is a standard her Complaint does not meet. Therefore the Court will grant Provident Life's motion to dismiss the Third Count of Ms. Van Dorsten's Complaint. Should Ms. Van Dorsten learn of facts that would support her supposition of a general business practice on Provident Life's part, she may seek to amend her Complaint to add a CUTPA claim.

### IV.

The Court GRANTS IN PART AND DENIES IN PART Defendant's Motion to Dismiss [doc. # 14]. The Court will not dismiss the Second Count of the Complaint, but grants Provident Life's motion to dismiss the Third Count.

IT IS SO ORDERED.