18-1269-cv
*Mazzarella v. Amica Mut. Ins. Co.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of May, two thousand nineteen.

PRESENT:  AMALYA L. KEARSE,
          RICHARD C. WESLEY,
          DENNY CHIN,
                    *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOSEPH R. MAZZARELLA, WENDY M. MAZZARELLA,

          *Plaintiffs-Appellants*,

          v.                                        18-1269-cv

AMICA MUTUAL INSURANCE COMPANY,
          *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS:      THOMAS J. FINN (Paula Cruz Cedillo, Nicholas M. Insua, *and* David C. Kane, *on the brief*), McCarter & English, LLP, Hartford, Connecticut *and* Newark, New Jersey.

FOR DEFENDANT-APPELLEE:     CHRISTOPHER M. REILLY (Anthony J. Antonellis, John McCormack, *and* Michael S. Antonellis, *on the brief*), Sloane & Walsh, LLP, Boston, Massachusetts.

Appeal from the United States District Court for the District of Connecticut (Underhill, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiffs-appellants Joseph R. Mazzarella and Wendy M. Mazzarella appeal from a judgment, entered March 30, 2018, dismissing their claims against defendant-appellee Amica Mutual Insurance Company ("Amica"). By decision entered February 8, 2018, the district court granted Amica's motion to dismiss the second amended complaint (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In this insurance coverage dispute, the Mazzarellas allege that Amica wrongfully denied their claim for "direct physical loss" to their home "caused by water and oxygen infiltration, including damage to concrete basement walls, interior walls, floor tiles, subfloors and wood floors, interior doors and windows, and the chimney, as well as damage from rainwater entering the Residence." J. App'x at 146. The insurance policy (the "Policy") excluded loss caused by "water," in many forms as discussed further below. *Id.* at 216, 218. The water exclusion applied to loss caused "directly or

- 2 -

indirectly" and such loss was "excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss." *Id.* at 218. In addition, the Policy did not insure for loss caused by "[w]ear and tear, marring, [or] deterioration," *id.* at 216; "[m]echanical breakdown, latent defect, inherent vice or any quality in property that causes it to damage or destroy itself," *id.*; or "[s]ettling, shrinking, bulging or expansion, including resultant cracking, of bulkheads, pavements, patios, footings, foundations, walls, floors, roofs, or ceilings," *id.*

The Complaint asserted claims against Amica for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-100a *et seq.*, and Connecticut Unfair Insurance Practices Act ("CUIPA"), Conn. Gen. Stat. § 38a-816. In its February 8th decision, the district court dismissed with prejudice claims for damage to the "concrete basement walls" and without prejudice claims "not connected to the deterioration of the basement walls." Special App'x at 16. Instead of repleading and filing a third amended complaint, however, the Mazzarellas filed this appeal. They argue that the district court erred in dismissing the Complaint because they sufficiently alleged that Amica breached the contract by denying coverage for a loss covered by the Policy, acted in bad faith, and violated CUTPA and CUIPA. Pls. Appellants' Br. at 1, 6-8.

## I.  *Standard of Review*

We review a district court's decision to dismiss a complaint under Federal Rule of Procedure 12(b)(6) *de novo,* accepting all factual allegations as true and drawing all reasonable inferences in plaintiff's favor.  *Metz v. U.S. Life Ins. Co.,* 662 F.3d 600, 602 (2d Cir. 2011) (per curiam).  "To survive a motion to dismiss, a complaint must plead enough facts to state a claim to relief that is plausible on its face."  *ECA & Local 134 IBEW Joint Pension Tr. of Chi. v. JP Morgan Chase Co.,* 553 F.3d 187, 196 (2d Cir. 2009) (internal quotation marks omitted).

## II.  *Breach of Contract*

The district court did not err in holding that the Mazzarellas failed to state a breach of contract claim because the claimed loss -- as described in the Complaint -- fell within the Policy exclusions as a matter of law.

"[T]he insured bears the burden of demonstrating that the loss suffered falls within the terms of the policy, and as such the existence of coverage is an essential element of plaintiff's claim."  *Uberti v. Lincoln Nat'l Life Ins. Co.,* 144 F. Supp. 2d 90, 102 n.5 (D. Conn. 2001) (citing *Downs v. Nat'l Cas. Co.,* 152 A.2d 316, 319 (Conn. 1959)).  "When an insurer relies on an exclusionary clause to deny coverage, the initial burden is on the insurer to demonstrate that all the allegations within the complaint fall completely within the exclusion."  *State Farm Fire & Cas. Co. v. Tully,* 142 A.3d 1079, 1085 (Conn. 2016).  The interpretation of an insurance policy is governed by contract law,

and "[i]f the policy's terms are clear and unambiguous, then that language must be accorded its natural and ordinary meaning."  *Valls v. Allstate Ins. Co.*, 919 F.3d 739, 744 (2d Cir. 2019) (per curiam) (quoting *Lexington Ins. Co. v. Lexington Healthcare Grp., Inc.*, 84 A.3d 1167 (Conn. 2014)).

We need not decide whether the Mazzarellas sufficiently alleged a "direct physical loss" because, on the face of the Complaint, the claimed loss would fall within the Policy's exclusions as a matter of law.  J. App'x at 215, 218.  The Complaint alleged damage "caused by water and oxygen infiltration" and "rainwater entering the Residence."  J. App'x at 146.  This asserted loss unambiguously falls within the exclusion for loss caused by "[w]ater," which includes "surface water," "overflow of any body of water," "storm surge," water that "[b]acks up through sewers or drains," and water "below the surface of the ground, including water which exerts pressure on, or seeps, leaks, or flows through a building, sidewalk, driveway, patio, foundation, swimming pool, or other structure."  *Id.* at 218.  Moreover, to the extent the Complaint alleges loss from "water and oxygen infiltration" and damage to walls and floors, the loss would surely fall within the Policy's other exclusions for damage caused by wear and tear, deterioration, latent defects, settling, bulging, or expansion.  Thus, based on the allegations of the Complaint, the Mazzarellas' breach of contract claim fails as a matter of law.

### III. *Breach of Covenant of Good Faith and Fair Dealing*

The district court properly dismissed the Mazzarellas' claim that Amica breached its implied duty of good faith and fair dealing. "To constitute a breach of [the implied covenant of good faith and fair dealing], the acts by which a defendant allegedly impedes the plaintiff's right to receive benefits that he or she reasonably expected to receive under the contract must have been taken in bad faith." *De La Concha of Hartford, Inc. v. Aetna Life Ins. Co.*, 849 A.2d 382, 388 (Conn. 2004). "Allegations of a mere coverage dispute or negligence by an insurer in conducting an investigation will not state a claim for bad faith against an insurer," *Martin v. Am. Equity Ins. Co.*, 185 F. Supp. 2d 162, 165 (D. Conn. 2002), and an insured cannot state a claim for bad faith against the insurer if the insurer properly denied coverage under the insurance policy, *see Courteau v. Teachers Ins. Co.*, 243 F. Supp. 3d 215, 219 (D. Conn. 2017) ("In the context of an insurance policy, violations of express duties are necessary to maintain a bad faith cause of action." (internal quotation marks omitted)); *see also Capstone Bldg. Corp. v. Am. Motorists Ins. Co.*, 67 A.3d 961, 988 (Conn. 2013) ("[B]ad faith is not actionable apart from a wrongful denial of a benefit under the policy.").

The Mazzarellas allege that Amica breached the implied covenant of good faith and fair dealing by "handling the Mazzarellas' property damage claim in bad faith"; failing to timely set forth a reasonable basis to justify Amica's denial of coverage, including its failure to investigate their residences' "chimney, siding and framing"; and

- 6 -

wrongfully applying the collapse provisions of the Policy to the Mazzarellas' claims. J. App'x at 147-49. These allegations are insufficient to state a claim of bad faith against Amica as they plainly set forth a "mere coverage dispute" or a negligent investigation claim. *See Martin*, 185 F. Supp. 2d at 165. Significantly, none of the factual allegations suggest that Amica acted with a dishonest purpose. *See De La Concha*, 849 A.2d at 388 ("Bad faith means more than mere negligence; it involves a dishonest purpose." (internal quotation marks omitted)). Moreover, as we have held above, Amica's denial of coverage was not wrongful, and, accordingly, the bad faith claim is not independently actionable. In these circumstances, the Mazzarellas' second cause of action was properly dismissed.

## IV. *Violations of CUTPA and CUIPA*

The Mazzarellas assert that Amica engaged in unfair settlement practices by denying them coverage under the Policy for direct physical damage caused by water and oxygen infiltration, citing to other suits challenging Amica's denial of pyrrhotite damage as proof of Amica's general business practice. The Mazzarellas further contend that Amica engaged in unfair settlement practices by, *inter alia*, "misrepresenting the full nature of the property damage" to their home, "failing to act with reasonable promptness in response to the Mazzarellas' communications," and "failing to investigate" damage to the Mazzarellas' chimney, siding, and framing. J. App'x at 150. An insured may assert CUIPA claims alleging that the insurer engaged in "unfair or

deceptive act[s] or practice[s] in the business of insurance," Conn. Gen. Stat. § 38a-815, through CUTPA, which "prohibits any person from 'engag[ing] in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce.'" *Hartford Roman Catholic Diocesan Corp. v. Interstate Fire & Cas. Co.*, 905 F.3d 84, 95 (2d Cir. 2018) (quoting Conn. Gen. Stat. § 42-110b(a)). "To prove an unfair claim settlement practice, a plaintiff must demonstrate that the defendant has engaged in unfair or deceptive acts with such frequency as to indicate a general business practice." *Id.* (internal quotation marks omitted). Failure to state a breach of contract claim, however, defeats a claim under CUTPA and CUIPA predicated upon a denial of coverage. *See Zulick v. Patrons Mut. Ins. Co.*, 949 A.2d 1084, 1091-92 (Conn. 2008) (holding that where insurer's interpretation of policy's coverage limitation is correct, claims under CUTPA and CUIPA fail because "there [could] be no genuine issue of material fact as to whether the application of that interpretation as a general business practice constituted oppressive, unethical or unscrupulous conduct in violation of the statutes"); *see also Liston-Smith v. CSAA Fire & Cas. Ins. Co.*, 287 F. Supp. 3d 153, 163 (D. Conn. 2017) ("Because the court concludes that CSAA's denial of coverage was proper, plaintiffs' claim that CSAA's alleged breach of contract was part of a general unfair business practice fails as a matter of law.").

Here, we conclude that Amica properly denied the Mazzarellas' claim because the claimed loss fell within the Policy's exclusions. And to the extent that the

Mazzarellas assert CUTPA and CUIPA claims premised on conduct apart from Amica's coverage denial -- *e.g.*, failure to investigate the damage fully and failure to respond to the Mazzarellas promptly -- the Mazzarellas support these claims only with citations to cases involving improper denials of coverage. *See* J. App'x at 151-52 (alleging that Amica is involved in other litigations regarding its "alleged failure to provide coverage," "refusal to cover [] claims," and "deni[al of] coverage"). Accordingly, the Mazzarellas have not adequately pleaded that Amica engaged in CUTPA/CUIPA-targeted misconduct -- *i.e.*, conduct distinct from the coverage denial -- with "such frequency as to indicate a general business practice," *Hartford Roman Catholic Diocesan*, 905 F.3d at 95 (internal quotation marks omitted). Therefore, the district court properly dismissed the Mazzarellas' claims under CUTPA and CUIPA.

\* \* \*

We have considered the Mazzarellas' remaining arguments and conclude they are without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

- 9 -